

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-30-2008

# Scott v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3228

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Scott v. Comm Social Security" (2008). *2008 Decisions.* Paper 302.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/302

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT-PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 07-3228

———

BARBARA SCOTT,
Appellant

v.

*MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY

*Pursuant to F.R.A.P. 43(c)

_____

On Appeal from the United States District Court for the
Eastern District of Pennsylvania
District Court No. 06-CV-02541
District Judge: The Honorable Juan R. Sanchez

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 21, 2008

Before: SMITH, COWEN, *Circuit Judges* and THOMPSON, *District Judge*[*]

(Filed:   October 30, 2008)
_____

OPINION
_____

Thompson, *District Judge*.

---

[*] The Honorable Anne E. Thompson, Senior United States District Judge for the District Court of New Jersey, sitting by designation.

1

Barbara Scott appeals the District Court's order affirming the Commissioner of Social Security's denial of disability benefits for any time preceding April 14, 2004. Specifically, she contests the findings of the Administrative Law Judge ("ALJ") that she was able to do sedentary work[1] prior to April 14, 2004. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and, for the reasons stated below, we affirm.

Scott, 64, was employed as a real estate clerk with the Board of Revision and Taxes for the City of Philadelphia. On January 7, 2003, Scott filed for disability payments claiming an onset date of November 1, 2002. She later amended her disability date to June 24, 2002. She claimed a variety of ailments associated with diabetes including, *inter alia*, high blood pressure, sleep apnea, and dsypnea (shortness of breath). In March 2003, she applied for and received disability payments through the Pennsylvania School Employee's Retirement System (PSERS). Prior to 1989, Scott worked as a school bus attendant. The PSERS award was for a one-year renewable period. The record does not reflect Scott renewed this award at the end of the one-year term.

The Pennsylvania Bureau of Disability denied her claim. The matter was then heard by ALJ Stephen Bosch on January 20, 2004. At this hearing, Scott testified that her position allowed her to sit and stand at will and usually she spent only one to two hours on her feet. She further testified that her position required her to travel to view properties and that usually she stayed in her car unless her car was unable to travel a narrow road.

---

[1]Jobs requiring sitting and standing can be called sedentary work. This type of work can also include the occasional task of lifting up to ten pounds. 20 C.F.R. § 404.1567(a).

The ALJ issued his opinion on February 17, 2004 finding no disability through the date of the opinion. Scott then requested a review from the Appeals Council who, on March 19, 2004, remanded back to the ALJ to (1) obtain updated medical treatment records; (2) further consider Scott's residual functional capacity; and (3) further evaluate Ms. Scott's ability to resume her past work. Subsequent to this opinion, Scott's condition deteriorated. She was hospitalized on April 14, 2004 for treatment of chronic renal failure, and, was hospitalized once more in July 2004.

Pursuant to the Appeals Council remand, the ALJ reheard Scott's claim. At this rehearing, Scott chose not to testify. In February 2005, the ALJ concluded that, up until April 14, 2004, Scott was not disabled from doing her past relevant work but, as of April 14, 2004, Scott was disabled. Scott appealed the ALJ finding as to her ability to perform her past relevant work prior to April 14, 2004 to the District Court for the Eastern District of Pennsylvania. The District Court found substantial evidence supporting the challenged ruling of the ALJ. Because substantial evidence supports the decision of the District Court, we will affirm its decision.

This Court has jurisdiction under both 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). "Like the District Court, we must uphold a final agency determination unless we find that it is not supported by substantial evidence in the record." *Rutherford v. Barnhart,* 399 F.3d 546, 552 (3d Cir. 2005). This Court will defer to the findings of the court below if substantial evidence supports them. *Monsour Med. Ctr. v. Heckler,* 806 F.2d 1185, 1190-

3

1191 (3d Cir. 1986).

Social Security disability determinations are governed by a five-step, sequential evaluation. 20 C.F.R. § 404.1520. Step 2 of this process calls for an assessment of the severity of the claimant's medical impairments. *Id.* The ALJ evaluated the totality of the record, including Scott's testimony and that of a medical expert, Dr. Daniel Lewis. Dr. Lewis testified Scott suffered from hypertension, disorders of the back, degenerative joint disease of the knee, and obesity. The ALJ agreed.

In her January 2004 hearing, Scott testified she had workplace freedom to sit and stand as she pleased; she often sat with a blanket and heater–in both the summer and winter. She further testified that she lives with her daughter and her six grandchildren–whom she helped rear. She also indicated that she helps with housework and attends church weekly.

However, the ALJ had reservations regarding the credibility of Scott's assertions and the extent to which her ailments impacted on her ability to do her past relevant work. The ALJ noted the deficiency of objective evidence supporting Scott's testimony as to the severity of her condition. Furthermore, the ALJ indicated that her daily living habits undermined her claim that she was unable to do her past relevant work. Also undermining Scott's claim, the ALJ noted the absence of any measures such as emergency room visits documenting shortness of breath, or asthma attacks, nor could the ALJ find evidence that her diabetes was not under control. The ALJ noted the absence of

4

any prescriptions for pain medication, and concluded that her pain could not have been as severe as she claimed. The ALJ also found Dr. Lewis' opinion was entitled to great weight because it was consistent with the record. Dr. Lewis concluded that Scott was able to perform sedentary work.

This Court is required to grant the ALJ deference and affirm if substantial evidence supports the ALJ's finding. *Monsour,* 806 F.2d at 1185, 1190-1191. This standard places considerable weight on the findings of the ALJ and this Court overturns only if it concludes that a reasonable mind would not support such a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

Here, Scott has pointed to nothing in the record that would warrant a reversal of the ALJ. The ALJ methodically supported his conclusion, relying not only on the testimony of the medical expert but pointing also to the testimony of the claimant. The ALJ documented his consideration of the evidence and carved out a finding that noted her lifestyle prior to April 2004 and weighed it against her progressively worsening condition. Therefore, with respect to Scott's claims for disability prior to April 14, 2004, the judgment of the District Court is AFFIRMED.